UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BANK OF RIO VISTA,

          Plaintiff,

   v.

VESSEL WOODBINE,

          Defendant.

No. CV04-910-MO

AMENDED OPINION AND ORDER

MOSMAN, J.,

Plaintiff Bank of Rio Vista seized the vessel Woodbine pursuant to its action foreclosing its First Preferred Ship Mortgage on the vessel. As of January 31, 2005, the total sum owing to Plaintiff by Woodbine Alaska Fish Company, owner of the vessel Woodbine, was $599,957.04. C.B. Magnum appeared in this action by Answer and asserted a claim against the vessel based on a Promissory Note and its Preferred Ship Mortgage. C.B. Magnum holds an Alaskan Confession of Judgment executed by Woodbine Alaska Fish Company in the amount of $500,000. Pursuant to this court's order, on June 7, 2005, the vessel Woodbine was sold at public auction for $2,000. Plaintiff incurred $72,000 in *custodia legis* costs for the vessel Woodbine from the time of the vessel's arrest to the time of sale. Before the court is C.B. Magnum's motion for an order dismissing it from this case.

Plaintiff does not oppose dismissal of C.B. Magnum, but argues the dismissal should be conditioned upon C.B. Magnum's payment of half of the *custodia legis* costs Plaintiff incurred in connection with the vessel Woodbine. C.B. Magnum responds that it would be inequitable to impose any portion of the administrative costs on it, let alone half those costs, because only

Plaintiff benefitted from its expenditures in the instant action.

While some districts have local rules governing the allocation of costs of custody, the District of Oregon does not. However, the parties agree that this decision is within the court's discretion. *See, e.g. Beauregard, Inc. v. Sword Services LLC*, 107 F.3d 351, 353 (5th Cir. 1997) ("Courts routinely enter orders that divide the *custodia legis* expenses among the parties of an *in rem* action. When such orders are entered is largely discretionary and vary [sic] in different cases."). While there appear to be few established standards to guide the exercise of the court's discretion, the Ninth Circuit has twice cited approvingly the Eleventh Circuit's decision in a similar case. *See id*. (citing *Forsht Associates, Inc. v. Transamerica ICS, Inc.*, 821 F.2d 1556 (11th Cir. 1987); *Certain Underwriters at Lloyds v. Kenco Marine Terminal, Inc.*, 81 F.3d 871 (9th Cir. 1995) (same).

In *Forsht*, Transamerica filed an *in rem* complaint against four vessels. Other creditors followed by intervention or by filing separate actions that were later consolidated with the Transamerica suit. Transamerica effected the arrest of the vessels and arranged for their custody by a private company. However, a court-ordered auction of the vessels yielded insufficient proceeds to cover the cost of their maintenance. The Eleventh Circuit found it "inconceivable that by being the first party to arrest the vessels, and thereby being the party to arrange for a substitute custodian, Transamerica should become wholly liable for the administrative expense of maintaining the vessels." The court found:

> [i]n a situation in which the proceeds from the sale of a vessel are adequate to cover administrative expenses and the other claims, *all* claimants "pay" the administrative expenses because payment of those expenses diminishes the fund from which the claimants receive their pro rata distribution.
> . . . .
> We recognize that in this particular case no claimant realized a recovery on its

PAGE 2 - OPINION AND ORDER (AMENDED)

lien, and that requiring payment of administrative costs therefore appears, at least initially, unfair. However, the possibility of recovery served as a sufficient incentive to cause each claimant to either file its own *in rem* action or intervene in the action filed by Transamerica. Pursuit of this possibility necessarily carries with it an attendant responsibility to preserve the property, for without a preservation of the property no recovery is even possible.[1]

The same is true in the instant action. C.B. Magnum joined this action seeking to collect on its promissory note from the proceeds of the sale of the vessel Woodbine, and sought dismissal from this action only after it became apparent that the proceeds from the sale of the vessel would be insufficient to allow C.B. Magnum to recover any funds from the sale. There would appear to be no reason to grant C.B. Magnum a free ride on Plaintiff's efforts, while saddling Plaintiff with all of the risk attendant in arresting the vessel.

Accordingly, C.B. Magnum's Motion for an Order of Dismissal (#53) is GRANTED on the condition that it pay Plaintiff half of the custodial costs for the vessel Woodbine. Because C.B. Magnum does not challenge Plaintiff's claim that the custodial costs total $72,000.00, C.B. Magnum's share of these costs is $36,000.00.

IT IS SO ORDERED.

DATED this 31st day of August, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

---

[1] *Forsht*, 821 F.2d at 1562 (emphasis in original).

PAGE 3 - OPINION AND ORDER (AMENDED)